IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SINUHE PECINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-1160-SSA-CV-W-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Sinuhe Pecina seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on November 15, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

that supports it.  As long as substantial evidence in the record supports the
Commissioner's decision, we may not reverse it because substantial evidence exists in
the record that would have supported a contrary outcome or because we would have
decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1966 and was 36 years old on May 1, 2002, his alleged onset of disability date.  Plaintiff alleges disability due to depression, anxiety, agoraphobia, panic attacks and back problems.

An Administrative Law Judge (ALJ) considered plaintiff's claims and concluded his allegations of disabling symptoms were not credible based on the medical evidence, lack of treatment sought for his back, activities of daily living and medical opinion evidence.  The ALJ determined plaintiff had the residual functional capacity (RFC) to perform light work but with limitations for his mental impairments.  Specifically, the ALJ limited plaintiff to work which required only understanding simple instructions and maintaining persistence and concentration on simple tasks.  The ALJ noted that plaintiff could adapt to a work environment.

Plaintiff alleges the ALJ erred in determining plaintiff's RFC and in finding that his allegations of disabling symptoms were not fully credible.  The Commissioner argues that the

2

medical evidence, specifically the opinions of Alan R. Israel, Ph.D., and Neal Anson, M.D., support the ALJ's finding that plaintiff was capable of light work activity. The Commissioner argues that based on the testimony of the vocational expert, the ALJ properly determined that plaintiff could perform other work that exists in the national economy.

Upon review, this Court finds there is substantial evidence to support the ALJ's RFC and determination that plaintiff was not disabled as defined by the Social Security Act. The ALJ did not err in the weight given to the medical opinions of record, or in the credibility determination of the plaintiff.

Credibility

There is substantial evidence to support the ALJ's credibility determination. The ALJ gave valid reasons for discounting plaintiff's credibility. See Earnheart v. Astrue, 2012 WL 3205570 *1 (8th Cir. 2012) (where valid reasons for discrediting claimant's subjective complaints were given, court defers to ALJ's credibility findings).

Weight Given to Opinion of Dr. Israel

The ALJ's great weight given to the MSR of Dr. Israel, a consulting psychiatrist, was not error. Dr. Israel was a psychiatrist who evaluated plaintiff upon recommended referral by Dr. Anson. Plaintiff's argument that Dr. Anson's opinion is contrary to the opinion of Dr. Israel is simply contrary to the evidence. Dr. Anson, an M.D., assessed plaintiff's physical impairments, and simply stated within his report a concern regarding plaintiff's mental condition and suggested referral to a mental health specialist for evaluation. This mere statement of Dr. Anson is not contrary to the opinion of Dr. Israel, the subsequent mental health specialist to whom plaintiff was referred.

Plaintiff's argument that Dr. Israel's report of January 2010 is too dated for consideration because it is based on an examination of plaintiff in 2009 is clearly without merit. Plaintiff's alleged onset of disability is May 2002; therefore, a 2009 examination is material to a determination regarding his mental impairments from 2002 until the date of the ALJ's decision in 2011.

Plaintiff's argument that Dr. Israel's opinion should not be given great weight because Israel didn't have access to medical records created after 2009 is without merit. There is no evidence to show that Dr. Israel would have a different opinion if he reviewed records which

3

were created subsequent to his evaluation of plaintiff. Plaintiff can point to no records which would change the opinion of Dr. Israel.

Finally, the Court notes there are no medical opinions which contradict the opinion of either Dr. Israel or Dr. Anson.

## Conclusion

Plaintiff has failed to meet his burden in this case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) ("[T]he burden of persuasion to prove disability and demonstrate RFC remains on the claimant."). Based on the medical opinions in this case, and the medical evidence, including records reflecting plaintiff's symptoms are stabilized with medication, and the record as a whole, this Court finds there is substantial evidence in the record to support the decision of the ALJ.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 20th day of November, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge